IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ILLINOIS SCHOOL DISTRICT AGENCY, an intergovernmental cooperative,<br><br>      Plaintiff,<br><br>v.<br><br>PACIFIC INSURANCE COMPANY, LTD.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 02-3173<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on September 6, 2007, for bench trial on the issue of liability. Plaintiff Illinois School District Agency (Agency or ISDA) appeared in person and by its attorney Timothy Eaton. Defendant Pacific Insurance Company, Ltd. (Pacific), appeared by its attorney John O'Malley. The sole issue before the Court was whether Pacific was liable to pay, as a covered loss under an errors and omissions insurance policy (E&O Policy) issued to the Agency, the cost of defending an estoppel claim in an underlying lawsuit brought against the Agency by

1

the East Moline, Illinois, School District (East Moline Action).  As explained below, the Court finds that Pacific is liable for the Agency's defense costs for the equitable estoppel action brought in the East Moline Action.

## STATEMENT OF FACTS

The Court set forth the facts in this matter in detail in the summary judgment Order. Order entered July 13, 2004 (d/e 67) (Summary Judgment Order), at 2-8.  Briefly, the Agency issued a general liability insurance policy (Liability Policy) to the East Moline School District (East Moline).  A family named Mancilla sued East Moline in 1994 for injuries it suffered when a child in the family brought mercury home from an East Moline school (Mancilla Action).  East Moline tendered the defense of the East Moline Action to the Agency.  Initially, in May 1994, the Agency's third party administrator, the Martin Boyer Company, Inc. (Martin Boyer), agreed to defend East Moline.  Two years later, the Agency changed third party administrators to the Hinz Claim Management (Hinz).  Hinz determined that the claims in the Mancilla Action were excluded from the Liability Policy. On April 24, 1996, Hinz notified East Moline that it would stop defending East Moline.  The Agency, however, continued to provide a defense after giving the initial notice.  On June 3, 1996, East Moline filed

2

the East Moline Action. The Agency stopped providing a defense in the Mancilla Action on July 26, 1996.

East Moline asked for a declaratory judgment that the Agency had a duty to defend the Mancilla Action. East Moline alleged the following in its Amended Complaint:

> 11. On May 20, 1994, ISDA, through its agent Martin Boyer Company, Inc., undertook the defense of the Mancilla lawsuit on behalf of the Plaintiffs with notice of policy limits only and otherwise without a reservation of rights. . . .
>
> 12. From on or about May 20, 1994, until on or about July 26, 1996, ISDA, . . ., employed the law firm Katz, McAndrews, Balch, Lefstein & Fieweger, P.C., . . . to provide Plaintiffs a defense in the Mancilla lawsuit.
>
> 13. From on or about May 20, 1994, until on or about July 26, 1996, Plaintiffs relied on ISDA's undertaking of the defense of the Mancilla lawsuit to the detriment and prejudice of Plaintiffs.

Pacific Insurance Company's Trial Brief (d/e 123), Exhibit E, East Moline v. ISDA, Amended Complaint, ¶¶ 11-13. East Moline further alleged that the Agency notified East Moline on April 24, 1996, that it would cease providing a defense or indemnification for the Mancilla Action, and later, stopped providing a defense on July 26, 1996. Id., ¶¶ 15-16. In its prayer, East Moline prayed for:

> A declaration by this Court that: (1) ISDA is required under the [Liability] Policy to provide coverage for claims alleged in the Mancilla lawsuit; or in the alternative, (2) ISDA's conduct stops ISDA from denying a defense and indemnification in connection with the Mancilla lawsuit.

Id., at 5, Count I prayer for relief.

The Agency successfully defended the East Moline Action. Thereafter, the Agency sued Martin Boyer for its defense costs in the East Moline Action. The Agency secured a judgment against Martin Boyer for those costs in the sum of $564,000. Martin Boyer appealed the judgment, and posted an appeal bond in the sum of $725,000.00, to cover the judgment plus accrued interest. Pacific Insurance Company's Trial Brief (d/e 123), Exhibit C, ISDA v. Martin Boyer Co., Appeal Bond. The Illinois Appellate Court affirmed the Agency's judgment against Martin Boyer. Pacific Insurance Company's Trial Brief (d/e 123), Exhibit B, ISDA v. Martin Boyer Co., Order entered July 18, 2007. The parties represented at trial that Martin Boyer filed a Petition for Leave to Appeal (PLA) before the Illinois Supreme Court. At the time of trial, the PLA was pending.[1]

In addition to suing Martin Boyer, the Agency also filed a claim with

---

[1] Pacific asked the Court to stay these proceedings pending the outcome of Martin Boyer's PLA. The Court denied the request for a stay at the bench trial. Minute Entry on September 6, 2007.

4

Pacific on the E&O Policy for its defense costs in the <u>East Moline</u> Action.

The E&O Policy provided coverage for:

> A. Loss which the Insured shall become legally obligated to pay from any claim made against the Insured during the Policy period, by reason of any actual or alleged negligent act, error or omission committed in the scope of the Insured's duties on behalf of the Trust named in the Declarations.
>
> B. Costs and expenses incurred in the defense of any claim for which indemnity is provided hereunder.

<u>Amended Complaint (d/e 23)</u>, Exhibit A. The E&O Policy contained the following exclusion:

> This Insurance shall not indemnify the Insured for loss incurred from any claim:
> ....
> (d) for obligations or responsibilities assumed by the Insured under any contract unless liability therefor would have attached to the Insured by reason of the Insured's negligent acts, errors or omissions or by reason of the Insured's actual or alleged breach of duty, neglect, error, misstatement, misleading statement or other act or omission in the absence of such contract committed in the Insured's capacity as stated in the Insuring Agreements

<u>Id.</u> (Contract Exclusion).[2]

Pacific refused to pay the claim. Pacific asserted that the Agency's

---

[2] The E&O Policy only obligated Pacific to reimburse costs and expenses; it did not obligate Pacific to provide a defense in any action.

claim was excluded from coverage by the Contract Exclusion, quoted above. Pacific asserted that the claim was based on the Agency's obligations under the Liability Policy, and so, was excluded under this exclusion. See Summary Judgment Order, at 6.³

The Agency then brought this action. The Agency argued that the allegations in the East Moline Action, quoted above, set forth an estoppel claim that was not excluded from coverage by the Contract Exclusion. The Court entered summary judgment in favor of Pacific on this issue, but the Seventh Circuit reversed. Illinois School Dist. Agency v. Pacific Ins. Co., Ltd., 471 F.3d 714 (7th Cir. 2006). The Seventh Circuit held that an issue of fact existed regarding whether the estoppel claim in the East Moline Action was subject to the Contract Exclusion. The Seventh Circuit remanded the matter for trial on whether the cost to defend the estoppel claim in the East Moline Action was a covered loss under the E&O Policy.

ANALYSIS

Illinois recognizes two distinct theories of estoppel, identified in the Seventh Circuit's opinion as "contractual estoppel" and "equitable

---

³Pacific also asserted that the Agency breached the E&O Policy, but the Court entered partial summary judgment in favor of the Agency and against Pacific on that issue. Summary Judgment Order, at 14-15. Pacific did not appeal that ruling.

estoppel." Agency, 471 F.3d at 720. Contractual estoppel can arise when an insurer, with a general contractual duty to defend an insured, believes that it does not have a duty to defend a particular claim for some reason. In Illinois, the insurer must take certain steps to preserve its right to refuse to defend. An insurer must: (1) defend under a reservation of rights, or (2) seek a declaratory judgment that it has no obligation to defend. Id. If an insurer simply declines to defend and is later found to have denied coverage wrongfully, the insurer is estopped from raising policy defenses to coverage. Id. The estoppel arises from the insurer's failure to follow the steps prescribed by law to resolve a dispute regarding the insurer's contractual duty to defend. The insured is not obligated to prove any reliance or prejudice in order to prevail on a contractual estoppel claim. Id.

Equitable estoppel arises if the insurer engages in conduct that induces the insured to surrender control of the defense to the insured's detriment. Id. This equitable estoppel theory is not based on a contractual dispute. Rather, this estoppel theory is based on conduct by the insurer and detrimental reliance by the insured. Once the insurer has taken over a defense to the insured's detriment, equity will not allow the insurer to abandon the insured. Id.

The Seventh Circuit has examined the E&O Policy and determined that a claim for contractual estoppel was excluded from coverage by the E&O Policy under Contract Exclusion, but a claim for equitable estoppel was not. Id., at 720-21. Thus, the Agency is entitled to recover defense costs for defending an equitable estoppel claim in the East Moline Action, but is not entitled to recover defense costs for a contractual estoppel claim. The Seventh Circuit remanded this case for trial to determine the nature of the estoppel claim raised by East Moline. Id.

The Court finds that East Moline alleged both a contractual estoppel claim and an equitable estoppel claim. The East Moline Action Amended Complaint alleged that the Agency assumed the defense without a reservation of rights, but later stopped providing a defense. These allegations support a claim for contractual estoppel because the Agency failed to take one of the procedural alternatives required by Illinois law: it did not defend under a reservation of rights, and it did not file a declaratory judgment action. East Moline also alleged, however, that the Agency took over the defense for two years, and East Moline relied on the Agency's actions to its detriment. These allegations state an equitable estoppel claim based on the Agency's conduct and East Moline's detrimental reliance.

Because East Moline asserted both theories, the Agency was required to defend against both theories. The Agency's defense costs for the equitable estoppel theory are a covered loss under the E&O Policy, but the defense costs for the contractual estoppel theory are not. <u>Agency</u>, 471 F.3d at 720-21. The Court finds that Pacific is liable for the defense costs for the equitable estoppel claim. The amount of that liability will be determined at a later hearing in this case.

Pacific cites numerous documents in the record of the <u>East Moline</u> Action in which the parties argued the contractual estoppel theory. <u>Pacific Insurance Company's Trial Brief (d/e 123)</u>, at 8-10. The Agency cites numerous places in the record of the <u>East Moline</u> Action in which the parties argued the equitable estoppel theory. <u>Plaintiff's Trial Brief (d/e 122)</u>, at 6-12. The references only show that East Moline pursued both theories. The E&O Policy still covered the defense costs for the equitable estoppel theory, regardless of whether East Moline pursued other additional theories.

Pacific also argues that East Moline's estoppel claim, under either theory, is dependent on the E&O Policy, and so, is excluded under Contract Exclusion. <u>Pacific Insurance Company's Trial Brief (d/e 123)</u>, at 7-11. The

9

Seventh Circuit has already rejected this argument. The defense costs for the equitable estoppel claim are covered losses under the E&O Policy. Pacific is liable to compensate the Agency for those costs.

Pacific also argues that the Agency will be compensated in full by the judgment against Martin Boyer if the Illinois Supreme Court denies the PLA. Pacific argues that the $725,000 Appeal Bond is sufficient to pay the judgment in full, with interest. At this point, the Agency is entitled to pursue its claim because it has not received any money from Martin Boyer. This matter, thus, will go forward. If the PLA is denied, then the parties can address the effect of the Agency's recovery from Martin Boyer during the damages phase of this trial.

THEREFORE, the Court hereby finds in favor of the Agency and against Pacific on the issue of liability with respect to recovery of costs incurred to defend the equitable estoppel claim asserted by East Moline in the <u>East Moline</u> Action. The Court sets this matter for a telephone status conference at 11:00 a.m. on November 27, 2007, to schedule the damages phase of the trial.

IT IS THEREFORE SO ORDERED.

ENTER: November 13, 2007

    FOR THE COURT:

                                                                 s/ Jeanne E. Scott
                                                     JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE