E-FILED
Tuesday, 19 February, 2008  09:18:18 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ILLINOIS SCHOOL DISTRICT AGENCY, an intergovernmental cooperative, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  02-3173 |
| PACIFIC INSURANCE COMPANY, LTD., | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Pacific Insurance Company's (Pacific) Motion for Summary Judgment (d/e 126) (Motion). The Plaintiff, the Illinois School District Agency (Agency), brought this lawsuit and another lawsuit against the Martin Boyer Company (Martin Boyer Action), to recover the attorney fees and expenses that the Agency incurred defending a third lawsuit brought against the Agency by the East Moline, Illinois, School District (East Moline Action).  The Agency secured a judgment in the Martin Boyer Action in the amount of $564,000.00

(Judgment).  The Judgment, including interest and costs, has been paid in full in the amount of $756,480.00.  Pacific now asks for summary judgment in this action because the Agency has been compensated in full, and so, is not entitled to any further recovery for this injury.  The Court agrees.  The Motion for Summary Judgment is allowed.

<u>STATEMENT OF FACTS</u>

The material facts are undisputed.  <u>Motion</u>, at 2-7; <u>Plaintiff's Response to Pacific's Motion for Summary Judgment (d/e 130)</u>, at 2.  The Agency issued a general liability policy to the East Moline, Illinois, school district (East Moline).  A family named Mancilla sued East Moline for injuries that resulted when a child in the Mancilla family brought mercury home from an East Moline school (<u>Mancilla</u> Action).  East Moline tendered the defense of the <u>Mancilla</u> Action to the Agency.  The Martin Boyer Company (Martin Boyer) was the Agency's third party administrator at the time.  Martin Boyer agreed to provide a defense without a reservation of rights.  The Agency then changed administrators.  The new administrator stopped providing a defense to East Moline in the <u>Mancilla</u> Action.  East Moline then brought the <u>East Moline</u> Action against the Agency to recover the cost to defend the <u>Mancilla</u> Action.  The Agency prevailed in the <u>East</u>

<u>Moline</u> Action.  The Agency brought the <u>Martin Boyer</u> Action to recover the costs to defend the <u>East Moline</u> Action.

Pacific had issued an errors and omissions policy to the Agency.  After prevailing in the <u>East Moline</u> Action, the Agency made demand on Pacific to cover the costs incurred to defend the <u>East Moline</u> Action.  Pacific offered partial payment, which was refused.  The Agency then brought this action to recover the costs to defend the <u>East Moline</u> Action.

This Court entered judgment in favor of the Agency for part, but not all, of its claim against Pacific.  <u>Amended Judgment entered January 12, 2005 (d/e 98)</u>.  The Agency appealed, and the Seventh Circuit reversed and remanded for further proceedings.  <u>Illinois School Dist. Agency v. Pacific Ins. Co., Ltd.</u>, 471 F.3d 714 (7th Cir. 2006).  In the interim, the Agency secured the Judgment against Martin Boyer for all of the costs incurred to defend the <u>East Moline</u> Action.  Martin Boyer has paid the Judgment in full, including costs and interest, in the sum of $756,480.00.  The Agency incurred $490,246.21 in attorney fees and costs to prosecute the <u>Martin Boyer</u> Action.

ANALYSIS

Pacific now seeks summary judgment.  Pacific must present evidence

3

that demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the Agency.  Any doubt as to the existence of a genuine issue for trial must be resolved against Pacific.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once Pacific has met its burden, the Agency must present evidence to show that issues of fact remain with respect to an issue essential to its case, and on which it will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In this case, the undisputed facts show that the Agency has already been fully compensated for the damages sought in this case.  In both the Martin Boyer Action and this action, the Agency sought to recover the costs incurred to defend the East Moline Action.  The Agency secured the Judgment which awarded it full compensation for its attorney fees and costs in the Martin Boyer Action.  The Judgment has been paid in full with interest.  These facts are undisputed.  The Agency, therefore, has been fully compensated for the injury.  Proof of damage is a required element in a breach of contract claim.  Association Ben. Services, Inc. v. Caremark RX,

4

Inc., 493 F.3d 841, 849 (7th Cir. 2007).  A party, further, is only entitled to one recovery to compensate for an injury.  Robinson v. Toyota Motor Credit Corp., 775 N.E.2d 951, 963 (Ill., 2002).  The Agency has been fully compensated for the attorney fees and costs to defend the East Moline Action.  Those attorney fees and costs are the only damages sought in this action.  The Agency, therefore, has been compensated in full and has no remaining injury as a result of any breach by Pacific.  Since the Agency cannot establish a compensable injury, it cannot prevail on its claim against Pacific.  Pacific is entitled to summary judgment.

The Agency argues that this Court previously ruled that this action and the Martin Boyer Action were independent actions based on independent claims.  That is correct; the actions were independent, but both sought to compensate the Agency for the same injury.  This Court, and the Seventh Circuit, reserved ruling on the effect that any recovery in the Martin Boyer Action would have on this action.  Illinois School Dist. Agency, 471 F.3d at 723-24; Order entered November 1, 2004 (d/e 83), at 8.  Now that the Agency has recovered in full in the Martin Boyer Action, the Court can and has addressed this issue.

The Agency argues that it has not been fully compensated because it

incurred $490,246.21 in attorney fees and costs to prosecute the Martin Boyer Action.  The Agency is essentially arguing that it should be entitled to offset these attorney fees and costs from the Judgment, and thus, it has not yet been fully compensated for the injury at issue.  The Court disagrees. No contractual provision and no statute authorized the Agency to recover its attorney fees from Pacific for bringing an action against Martin Boyer. Hence, under Illinois law, the Agency was responsible to pay the costs of pursuing that claim.  Negro Nest, LLC v. Mid-Northern Management, Inc., 839 N.E.2d 1083, 1092 (Ill.App. 4th Dist., 2005).  The Agency elected to pursue two lawsuits and has succeeded in securing one full recovery for its injury.  Under Illinois law, the Agency is responsible for the costs that it incurred in the two lawsuits.  There is no right to offset.  Since the Agency has secured the one full recovery, it no longer has a compensable injury.

The Agency relies on Matsushita Elec. Corp. of America v. Home Indem. Co., 907 F.Supp. 1193 (N.D. Ill. 1995).  In that case Matsushita Electric Corporation of America (Matsushita) tendered the defense to several insurers, including Home Indemnity Co. (Home).  Home refused to provide a defense.  Matsushita brought a declaratory judgment action.  The court found that Home had a duty to defend.  The Court found that the

judgment against Home for the defense costs should generally be reduced by the amount of the defense costs paid by the other insurers. The <u>Matsushita</u> court, thus, followed the same principle that the injured plaintiff is entitled to only one recovery. Since those insurers paid part of the defense costs, Matsushita could not recover those costs again from Home.

The <u>Matsushita</u> court did not reduce the judgment by the defense costs paid by one insurer, Tokyo Marine, because Tokyo Marine charged Matsushita a retrospective premium. <u>Matsushita</u>, 907 F.Supp. at 1198-99. Under the retrospective premium arrangement, the amount of Matsushita's premium was determined after the fact based on the amounts paid by Tokyo Marine. Because Home breached by not providing a defense, Tokyo Marine paid a greater portion of the defense costs, and so, increased the premium to Matsushita. The Home's breach, thus, caused Matsushita's insurance premiums to increase. The Home's breach effectively increased Matsushita's retrospective premiums owed to Tokyo Marine. Because the breach increased Matsushita's contractual obligation to Tokyo Marine, the <u>Matsushita</u> court would not offset the defense costs paid by Tokyo Marine. <u>Id.</u>, at 1198.

Here, Pacific owed a contractual duty to pay the losses suffered by the

Agency in the <u>East Moline</u> Action.  Pacific breached that duty.  <u>Opinion entered November 13, 2007 (d/e 124)</u>, at 10.  That breach did not increase the Agency's contractual obligations to any other party.  The exception recognized in <u>Matsushita</u>, thus, does not apply.  The Judgment, which has been paid in full, provided the Agency with full compensation for its injury.  The Agency is not entitled to another recovery.

The Agency also argues that it is entitled to deduct the costs of bringing the <u>Martin Boyer</u> Action under the common fund doctrine.  The Court disagrees.  The common fund doctrine provides that if an injured party retains an attorney who recovers a judgment and an insurer has an interest in the judgment, then the insurer must pay a portion of the attorney fees incurred to secure the judgment before the insurer can share in the judgment.  <u>Ritter v. Hachmeister</u>, 827 N.E.2d 504, 506-07 (Ill.App. 2$^d$ Dist., 2005).  In this case, the common fund doctrine does not apply because Pacific has no interest in the judgment in the <u>Martin Boyer</u> Action.  The Agency is entitled to the entire $756,480.00 as full compensation for its injuries.  Since the injuries have been compensated in full, the Agency is not entitled to any further recovery.

Beyond all of this, the Agency has already lost on its claim against

Pacific to recover the attorney fees and costs incurred to pursue the Martin Boyer Action.  The Agency initially asserted a claim in this action against Pacific for its attorney fees and costs incurred to pursue the Martin Boyer Action, but then agreed that Pacific was entitled to summary judgment on that claim.  Order entered July 13, 2004 (d/e 67), at 7-8.  The Agency, thus, has already consented to a judgment in favor of Pacific on any claim for the attorney fees and costs that the Agency incurred to pursue the Martin Boyer Action.  The Agency cannot now attempt to impose those costs on Pacific.

THEREFORE, Defendant Pacific Insurance Company's Motion for Summary Judgment (d/e 126) is ALLOWED.  Judgment is entered in favor of Defendant Pacific Insurance Company, Ltd., and against Plaintiff Illinois School District Agency.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   February 15, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE